By the Court. Vanderpoel, J.
The defendant resists the plaintiff’s right to recover, on the ground that the contract was not assignable. Section 111 of the code of procedure provides, that every action must be prosecuted in the name of the real party in interest, and if the cause of action here was assignable, it was competent for the plaintiff to maintain the action. It is a general rule, that all choses in action may be assigned in equity, and the assignee has an equitable right, which he may enforce in the name of the assignor, (Bac. Abr. Title “ Assign *383 ment” A; Wheeler v. Wheeler, 9 Cow. 34; Eastman v. Wright, 6 Pick. 316.) -The provision of the code renders the intervention of a court of equity now unnecessary, as the assignee, who is the party in interest, may bring a suit, directly in his own name.
The defendant contends, that this is a personal contract, depending upon the 'skill, honesty, and integrity of the one party, and the responsibility of the other, and therefore cannot be assigned.
If there be any force in this position as an abstract proposition, an abundant answer to it here is, that nothing is assigned but the payments on the contract. These payments, of course, must be earned by Griffin, before any right of action can accrue in his favor, or in favor of the plaintiff. Griffin is not, by virtue of the assignment, exonerated and discharged from the burthen imposed upon him by the .contract. He must perform the work, according to the contract, before any liability can be raised from the defendants to any one. The defendants maintain unimpaired all them right to the skill, honesty, and integrity of the assignor, notwithstanding the assignment. The want of skill of Sharp, the plaintiff, is not substituted for the skill of Griffin, which the defendants contend may, with them, have been the principal inducement to this contract.
There are contracts imposing a mere personal trust upon a party, which are not assignable. The case of Hall v. Gardiner, 1 Mass. 172, and Davis v. Coburn, 8 Mass. 299, exemplify this principle. In both these cases, it was held that an indenture of apprenticeship is not assignable by the master, because he has a mere personal trust. So where a party by assigning does an act, which is tantamount to saying, that he will not perform his part of a contract, not yet executed, he cannot, by assigning, impose upon the other party the obligation of performing to his assignee. (Robson v. Drummond, 2 Barn. & Adol. 303,) was a case of this description, where, A. a coach-maker entered into an agreement to furnish B. with a carriage, for the term of five years, at seventy-five guineas a year. Before the expiration of the first three years, A. assigned all his interest in the business and in the contract in question to 0. and *384 the business was afterwards earned on by 0. alone. The assignee brought an action for the two payments, which, according to the terms of the contract, would become due during the last two years of its continuance. It was held that the action was not maintainable; that A. by transferring all his interest in the establishment to 0., had become incapable of performing his part of the contract. The party with whom the defendant originally contracted, having placed himself in a position where he could not perform his part of the contract, the defendant was justly held to be discharged. That is not like the present case. Here, Griffin, by assigning the payments, did not disable himself from performing the service, which was a condition precedent to the defendant’s liability.'
There is another class of cases, in which assignments will not be upheld, either in equity or at law, as being against the principles of public policy. (1 Story Eq. Jur. § 1040, d. p. 395.) An officer in the army will not be allowed to pledge or assign his commission by way of mortgage, for his commission is an honorary personal trust. In like manner, the profits of a public office would seem, upon a similar ground of public policy, not to be assignable. (Palmer v. Bate, 2 Brod. & Bing. 673; Davis v. Duke of Marlborough, 1 Swanst. 79.) It has been questioned by some jurists, whether pensions from government are assignable. (1 Story Eq. Jur. p. 397.) But in England they are, under certain circumstances, held now to be assignable. (Wills v. Foster, 8 Mees. & Welsb. 149. Ex parte Battine, 4 Barn. & Adolp. 690.) We do not consider this case as coming within the principles of any of the cases in which contracts or choses in action have been held not to be assignable; and that the plaintiff here is entitled to recover. Motion for new trial denied.